No. 26-4298

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCIT**

In re
EDWARD GILLIAM,
Debtor

EDWARD GILLIAM
Appellant,

vs.

BARBARA WHITE,
Appellee.

Appeal From the United States Bankruptcy Appellate Panel for
the Ninth Circuit United States Bankruptcy Court, Case No. 25-1188
Central District of California
Chapter 7 Bankruptcy Case No.: 8:12-bk-13356-SC

# APPELLEE'S OPPOSITION TO APPELLANT'S EMERGENCY MOTION TO STAY STATE COURT JUDGMENT

David R. Haberbush, Esq.
Vanessa M. Haberbush, Esq.
Lane K. Bogard, Esq
HABERBUSH, LLP
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
Attorneys for Appellee Barbara White

# Table of Contents

**Page No.**

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CERTIFICATION REQUIRED BY FED. R. APP. P. 12 AND CIRCUIT RULE 3-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

OPPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Debtor did not Seek a Stay Pending Appeal in the Lower Court Prior to Filing the Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. Debtor's Motion Fails to Include any Legal or Factual Basis for the Relief Requested . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

DECLARATION OF LANE K. BOGARD . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Table of Authorities

**Cases** **Page No.**
*Nken v. Holder*, 556 U.S. 418 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Rules**
Federal Rule of Appellate Procedure 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

# CORPORATE DISCLOSURE STATEMENT

Barbara White is an individual. Because she is an individual, she is not a corporation and this disclosure is given pursuant to the corporate disclosure required pursuant to Fed. R. App. P. 26.1(a).

## CERTIFICATION REQUIRED BY FED. R. APP. P. 12 AND CIRCUIT RULE 3-2

Case No.: 26-4298, EDWARD GILLIAM

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

| Party | Party's Attorneys |
|---|---|
| Edward Gilliam | Teddy T. Davis<br>Richard J. Radcliffe<br>KOWAL LAW GROUP, APC<br>2901 Pacific Coast Highway, Suite 200<br>Newport Beach, CA 92663<br>Telephone: (949) 676-9989<br>Facsimile: (949) 676-9995<br>Email: tim@kowallawgroup.com |

Barbara White

David R. Haberbush, Esq.
Vanessa M. Haberbush, Esq.
Lane K. Bogard, Esq.
HABERBUSH, LLP
444 West Ocean Blvd., Suite 1400
Long Beach, CA 90807
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: dhaberbush@lbinsolvency.com;
vhaberbush@lbinsolvency.com;
lbogard@lbinsolvency.com

Respectfully submitted,

Dated: August 7, 2026

By: /s/ Vanessa M. Haberbush
VANESSA M. HABERBUSH, ESQ., Attorneys for Appellee

# OPPOSITION

Barbara White ("White" and/or Appellee"), hereby files this opposition (the "Opposition") to the Emergency Motion under Federal Rule of Appellate Procedure 8(a)(2) and Ninth Circuit Rule 27-3 to Stay Enforcement of State-court Judgment, Abstract of Judgment, and Collection Activity Pending Appeal [Docket Entry No. 13] (the "Motion") filed by Edward Gilliam ("Gilliam" and/or "Appellant").

## I. INTRODUCTION

Pursuant to the Motion, Debtor seeks an order staying Appellee from enforcing the State Court Judgment (defined hereinbelow ) against non-party, Maxine Gilliam. However, as discussed below, Debtor has failed to follow the proper procedures for requesting a stay pending appeal, and Debtor has not set forth any legal or factual argument to justify imposing a stay pending appeal.

## II. FACTUAL BACKGROUND

On or about November 26, 2008, Edward Gilliam, appellant herein ("Appellant"), filed a Chapter 7 petition, commencing *In re Edward Gilliam*, styled case number 8:12-bk-13356-SC (the "Bankruptcy Case"). On March 9, 2009, Appellant received a discharge in the Bankruptcy Case (the "Discharge"). Declaration of Lane K. Bogard at ¶ 4.

On or about May 13, 2025, Debtor filed a Motion for OSC Contempt of Court

(the "Motion for OSC") in the Bankruptcy Case. Pursuant to the Motion for OSC, Appellee requested that the bankruptcy court sanction Appellee for, *inter alia*, violating the Debtor's Discharge. The bankruptcy court held an evidentiary hearing on September 8, 2025 (the "Evidentiary Hearing"). After the conclusion of the Evidentiary Hearing, the bankruptcy court issued an Order Following Evidentiary Hearing (the "Order"), denying the Motion for OSC. Declaration of Lane K. Bogard at ¶ 5.

After entry of the Order, Appellant filed an appeal of the Order, commencing an appeal to the Ninth Circuit Bankruptcy Appellate Panel, Case No. CC-25-1188-SGL (the "BAP Appeal"). In the BAP Appeal, on or about June 10, 2026, Ninth Circuit Bankruptcy Appellate Panel entered a judgment affirming the Bankruptcy Court's Order (the "BAP Judgment"). After entry of the BAP Judgment, Appellant filed an appeal of the BAP Judgment, commencing this Appeal. Declaration of Lane K. Bogard at ¶ 6.

In this Appeal, Appellant has now moved for a stay of Appellee's enforcement of a state court judgment obtained against a non-party, Maxine Gilliam, in the case of *White v. Gilliam*, Case No. CVCO2404637 (the "State Court Judgment"). *See* Motion at pages 3-4.

///

## III. LEGAL ARGUMENT

### A. Debtor did not Seek a Stay Pending Appeal in the Lower Court Prior to Filing the Motion

Pursuant to Federal Rule of Appellate Procedure 8(2)(A), a party moving for a stay pending appeal must "(i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action."

Here, Debtor failed to seek relief in the lower court prior to filing the Motion. While Debtor claims that he sought the stay in both the Bankruptcy Court and the Ninth Circuit Appellate Panel prior to bringing the Motion, *see* Motion at 7, the exhibits cited by Debtor do not show that Debtor actually sought a stay pending the Appeal. More specifically, Debtor's Exhibit "N" is an order of the bankruptcy court denying Debtor's request for an injunction entered on December 5, 2025, before the BAP Judgment had even been entered. In addition, Exhibit "O," which Debtor claims is an order from the Ninth Circuit Bankruptcy Appellate Panel denying a stay, is in reality a notice from the clerk of the Superior Court of State of California indicating that the Court cannot process a motion for a stay. Thus, Debtor has made misrepresentations in the Motion and has not followed the Federal Rules of Appellate

Procedure required for a stay pending appeal. Consequently, Debtor's Motion is made in bad faith and must be denied.

### B. **Debtor's Motion Fails to Include any Legal or Factual Basis for the Relief Requested**

As stated above, Debtor requests the Court stay Appellee's enforcement of the State Court Judgment against non-party Maxine Gilliam. To obtain a stay pending appeal, the Movant demonstrate either a likelihood of success on the merits or, at minimum, serious legal questions coupled with a balance of hardships sharply favoring relief. *Nken v. Holder*, 556 U.S. 418, 426–34 (2009). As shown by the Motion, while Debtor makes a number of arguments, not a single argument is coherent. *See* Motion at pages 1-32. Further, Debtor attempts to confuse the facts to distract from the reality that a valid State Court Judgement has been entered against a non-party to this Appeal and the validity of the State Court Judgment is/was not an issue in the Bankruptcy Court, the BAP Appeal, or this Appeal.[1] Therefore, the Court should deny the Motion.

///

---

[1] Appellee vigorously disputes all of the factual and legal bases of the Motion but does not raise them due to the procedural issues with the Motion. To the extent the Court is inclined to grant the Motion, Appellee reserves the right to supplement this Opposition.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, Appellee requests that the Court deny the Motion and for any further relief as is just and proper.

Respectfully submitted,

Dated: August 7, 2026

By: /s/ Vanessa M. Haberbush
VANESSA M. HABERBUSH, ESQ., Attorneys for Appellee

## DECLARATION OF LANE K. BOGARD

I, Lane K. Bogard, do hereby declare as follows:

1. I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If I were called as a witness to testify to the following facts I would and could do so under penalty of perjury.

2. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am one of the attorneys responsible for drafting and preparing the responsive brief of Barbara White, Appellee ("Appellee") in this case. This Declaration is given in support of Appellee's Opposition (the "Opposition") to the Emergency Motion under Federal Rule of Appellate Procedure 8(a)(2) and Ninth Circuit Rule 27-3 to Stay Enforcement of State-Court Judgment, Abstract of Judgment, and Collection Activity Pending Appeal [Docket Entry No. 13] (the "Motion") filed by Edward Gilliam ("Gilliam" and/or "Appellant").

3. I have reviewed the bankruptcy docket from where this Appeal was filed, as well as the docket for the underlying appeal in the Ninth Circuit Bankruptcy Appellate Panel and for this Appeal. I am familiar with the information contained in the dockets, as well as the documents filed on those dockets that are relevant to the Opposition.

4. On or about November 26, 2008, Edward Gilliam, appellant herein

("Appellant"), filed a Chapter 7 petition, commencing *In re Edward Gilliam*, styled case number 8:12-BK-13356-SC (the "Bankruptcy Case"). On March 9, 2009, Appellant received a discharge in the Bankruptcy Case (the "Discharge").

5. On or about May 13, 2025, Debtor filed a Motion for OSC Contempt of Court (the "Motion for OSC") in the Bankruptcy Case. Pursuant to the Motion for OSC, Appellee requested that the bankruptcy court sanction Appellee for, *inter alia*, violating the Discharge. The bankruptcy court held an evidentiary hearing on September 8, 2025 (the "Evidentiary Hearing"). After the conclusion of the Evidentiary Hearing, the bankruptcy court issued an Order Following Evidentiary Hearing (the "Order"), denying the Motion for OSC.

6. After entry of the Order, Appellant filed an appeal of the Order, commencing an appeal to the Ninth Circuit Bankruptcy Appellate Panel, Case No. CC-25-1188-SGL (the "BAP Appeal"). In the BAP Appeal, on or about June 10, 2026, Ninth Circuit Bankruptcy Appellate Panel entered a judgment affirming the Bankruptcy Court's Order (the "BAP Judgment"). After entry of the BAP Judgment, Appellant filed an appeal of the BAP Judgment, commencing this Appeal.

///

///

///

7. I have reviewed the dockets for the BAP Appeal and the Bankruptcy Case. Debtor never filed or served on my office a motion for stay pending appeal in either of these courts.

EXECUTED AT LONG BEACH, CALIFORNIA, THIS 7th DAY OF AUGUST 2026.

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Lane K. Bogard
Lane K. Bogard, Declarant